**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Troy A. McFARLAND, Defendant–Appellant.**

**No. 94–1264.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 9, 1994.

Decided Oct. 12, 1994.

---

Victoria Ursulskis (argued), Office of U.S. Atty., Indianapolis, IN, for plaintiff-appellee.

William E. Daily (argued), Danville, IN, for defendant-appellant.

Before POSNER, Chief Judge, EASTERBROOK, Circuit Judge, and GORDON, District Judge.*

\* Hon. Myron L. Gordon, of the Eastern District of

EASTERBROOK, Circuit Judge.

As in most contemporary criminal appeals, the determination of the sentence takes center stage. Counsel broaches other subjects, but the jury was entitled to believe the prosecution's witnesses, and the due process clause of the fifth amendment does not entitle a criminal defendant to pretrial discovery after the model of the civil rules. *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 845, 51 L.Ed.2d 30 (1977); *Wardius v. Oregon*, 412 U.S. 470, 474, 93 S.Ct. 2208, 2211–12, 37 L.Ed.2d 82 (1973). Thus we arrive at the debate about the penalty.

Troy McFarland marketed cocaine in the Louisville area. He crossed into Indiana to obtain a cashier's check with some of the drug proceeds, leading to his conviction in this case for money laundering. He also has a recent federal conviction in Kentucky for conspiring to distribute cocaine. The district court in Kentucky, acting first, sentenced McFarland to 97 months' imprisonment. Then the district court in Indiana sentenced him to 70 months' imprisonment for money laundering and ordered the sentences to run consecutively. McFarland believes that the sentences should be concurrent rather than consecutive. His principal reason—that he committed the money laundering offense first, and that an incremental sentence for the earlier crime has "no logical purpose"—is silly. A person who sells cocaine on Monday and robs a bank on Tuesday is more dangerous than a person who commits only one of these crimes, and he should receive a longer aggregate sentence. The order in which the sentences are imposed cannot matter. Each crime has its own desert, and a judge must make the second sentence consecutive "to the extent necessary to achieve a reasonable incremental punishment". U.S.S.G. § 5G1.3(c).

Indeed, the Sentencing Guidelines tell the judge to minimize the effect of the order and manner of prosecution. The second court computes a sentencing range as if all of the conduct had been prosecuted at once. U.S.S.G. § 5G1.3 Application Note 3. That range reveals the appropriate total punish-

Wisconsin, sitting by designation.

ment for the defendant. The second court subtracts from the range the punishment imposed by the first court, creating a presumptive range for the second sentence. The presentence report concluded that a sentencing range of 151–188 months would have been appropriate if all of McFarland's criminal conduct had been prosecuted in a single case. Because he received a sentence of 97 months in the first case, the range derived for this case was 54–91 months on top of the sentence McFarland was serving. By definition this entails a consecutive sentence, and the calculation defines the "reasonable incremental punishment" to which § 5G1.3(c) refers. The range computed separately for the money laundering offense was 70–87 months' imprisonment. Thus the guidelines call for cumulative punishment in this case but also disable the prosecutor from augmenting the sentence by initiating separate cases.

 McFarland's attorney did not contest the calculations in the presentence report, thereby accepting the presumptive range of 151–188 months for the two crimes together and the derived range of 54–91 months for the money laundering offense. He asked the district judge to impose concurrent sentences—effectively, a sentence of zero for the money laundering. This was equivalent to a request for a departure from the guidelines, and we lack jurisdiction to review discretionary decisions not to depart. *United States v. Franz*, 886 F.2d 973 (7th Cir.1989). But we may review a district judge's decision that he lacked the *power* to depart, *United States v. Poff*, 926 F.2d 588, 590–91 (7th Cir.1991) (en banc), and we also may ensure that the judge complies with the requirement in 18 U.S.C. § 3553(c)(1) that he give reasons for selecting a particular sentence within a guideline range that exceeds 24 months. The derived range for this offense, 54–91 months, exceeds 24 months, yet counsel for both parties assured us at oral argument that the district judge had not provided reasons for his sentence.

After oral argument we checked the transcript and found that both parties were mistaken. The judge gave a reason. But the reason implies that the sentence rests on a legal mistake. The judge believed that the

minimum allowable sentence is the lower bound of the guideline range computed for the second offense. The judge stated that under the Guidelines "the least sentence that could be imposed would be seventy months." This is incorrect on two grounds. The judge should use the range derived by the method of Application Note 3, not the range for the second offense considered alone. *United States v. Lechuga*, 975 F.2d 397 (7th Cir. 1992). And even after calculating the range for the two offenses and subtracting the time already imposed, the judge retains discretion to depart on grounds that would make departure appropriate in any other case. McFarland has not argued that such grounds exist, so we put that possibility to one side. But the judge still had to choose a (consecutive) sentence within the range of 54 to 91 months and state a reason for selecting it rather than some alternative. Because the judge imposed the lowest sentence he thought he was legally entitled to mete out, the error may well have been significant. We therefore remand for resentencing.

VACATED AND REMANDED.