**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Darrell E. WILLIAMS, Defendant–Appellant.**

**No. 94–1327.**

United States Court of Appeals, Seventh Circuit.

Argued June 13, 1995.

Decided July 26, 1995.

Michael C. Carr, Asst. U.S. Atty. (argued), Benton, IL, for plaintiff-appellee.

James W. Ackerman (argued), Springfield, IL, for defendant-appellant.

Before POSNER, Chief Judge, and CUMMINGS and RIPPLE, Circuit Judges.

CUMMINGS, Circuit Judge.

A jury convicted Darrell Williams on a count of a conspiracy to distribute cocaine, and he was sentenced to life in prison. On appeal, Williams claims that there was insufficient evidence to demonstrate that there was a conspiracy involving him, rather than numerous buyer-seller arrangements or several conspiracies; he further claims that there was no evidence of an agreement. There was substantial evidence, however, that Williams and a co-conspirator pooled money and led a ring that sold crack cocaine regularly to customers in a housing project in Cairo, Illinois. The appeal is frivolous and we therefore affirm.

## Facts

From at least 1991 to 1993 (except during an eighteen-month stretch when Williams was incarcerated in Texas), Williams and Deon Lampkins pooled their money to purchase cocaine and crack. The two would cook and cut the crack together, and either sell it personally or through the use of more than a dozen runners for resale. Williams had no source of income other than selling drugs, but made enough money doing that to furnish his girlfriend's apartment with new furniture.

At the trial, the jury heard testimony from several of Williams' and Lampkins' "runners", suppliers, customers, as well as Williams' girlfriend, Annetta Henderson. A number of them testified that Williams and Lampkins worked together. At least eighteen different people were named as being employed or controlled by Williams and Lampkins in various capacities in the conspiracy: Arlester Hill, Wayne Ramsey, Bruce Ramsey, Hank Ford, Reggie Johnson, Kenny Simpleton, Corey Henderson, David Reed, David Reed's brother "Tony", Levi Garrett, Anthony Garrett, Chuck Purdiman, Bill Ashley, Delbert Irish, Henry Davis, Mabel Mallory, Nakia Frances, and Stephon Bright. For example, Bruce Ramsey testified that he worked as a runner for both Williams and Lampkins together, and that Williams would periodically come over to Ramsey's home to get him up and working in the morning to sell Williams' drugs.

There was further testimony that Williams controlled a gang called the "Texas Boys" in the sale of crack cocaine. Williams did not testify. The jury convicted him of the one count under 21 U.S.C. §§ 841(a)(1) and 846,[†] and the judge sentenced him to life imprisonment under § 841(b).

On appeal, Williams claims that the evidence was not "so overwhelming as to support a finding that the defendant was involved in a monolithic conspiracy beyond a reasonable doubt."

## Analysis

■ In reviewing a claim of insufficiency of the evidence, the court must consider the evidence, including all possible inferences, in the light most favorable to the government; the verdict should be reversed only if the record contains no evidence from which the jury could find guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Herrera–Rivera,* 25 F.3d 491, 498 (7th Cir.1994).

■ The evidence is more than strong enough to support a guilty verdict. The jury was entitled to believe the testimony of Bruce Ramsey, Annetta Henderson, Brian Tucker, Phillip Davis, Troy Daniels, Michelle Wilson, Alfred Williams, Shelley Tucker, and Chuck Purdiman. *United States v. McFarland,* 37 F.3d 1235 (7th Cir.1994). "A conspiracy consists of a combination or confederation of two or more persons formed for the purpose of committing by their joint efforts, a criminal act." *United States v. Mealy,* 851 F.2d 890, 895 (7th Cir.1988). There was

---

† 21 U.S.C. § 841(a) prohibits the manufacture or sale of controlled substances, and § 846 provides the same penalties for attempts or conspiracies to commit any proscribed drug offense.

**536**

testimony sufficient to establish such a conspiracy.

Williams' reliance on *United States v. Townsend*, 924 F.2d 1385 (7th Cir.1991), is off target. "[T]he government doesn't have to prove with whom a defendant conspired; it need only prove that the defendant joined the agreement alleged, not the group." *Id.* at 1389. "Conspiracies, like other crimes, may be proved entirely by circumstantial evidence." *Id.* at 1390. Even if, as Williams claims, one can infer from the evidence that there were multiple conspiracies, rather than the single conspiracy charged in the indictment, "[t]he jury gets first crack at deciding 'whether there is one conspiracy or several when the possibility of a variance appears.'" *United States v. Paiz*, 905 F.2d 1014, 1019 (7th Cir.1990) (quoting *United States v. Percival*, 756 F.2d 600, 609 (7th Cir.1985)). *Townsend*, which focused on the problems of finding a conspiracy from a mere buyer-seller relationship in a trial of multiple alleged co-conspirators, is inapplicable here: Williams was tried alone and there was testimony that he was in a long-time partnership with another distributor, Lampkins, as well as testimony that Williams arranged drug distribution with numerous runners. This was enough evidence for the jury to find beyond a reasonable doubt that he was guilty of one conspiracy.

The judgment is AFFIRMED.