fact that a state rather than federal court imposed it or it was imposed at a different time before the same or another federal court; and (d) any other circumstances relevant to determining an appropriate sentence for the instant offense. *See* USSG § 5G1.3(c), cmt. n.3.

First, the commentary to § 5G1.3(c), as applied in *Sorenson* and *McFarland,* stating that the PSR calculate the sentencing range using the methodology of § 5G1.2 as though all offenses had been federal offenses, does not apply to the 1998 guidelines applicable to Lawson's sentencing. Second, in both cases, the defendants argued that the district court misapplied the methodology outlined in Application Note 3 to § 5G1.3(c) in imposing consecutive rather than concurrent sentences. *See Sorensen,* 58 F.3d at 1157; *McFarland,* 37 F.3d at 1236. Here, the district court properly referred to § 5G1.3(c) and its commentary in determining Lawson's sentence. Concerned that a concurrent sentence would result in "a zero incremental penalty" for the instant federal offense, it imposed a partially concurrent sentence according to the dictates of Application Note 4. Based on these factors, the district court did not abuse its discretion in sentencing Lawson to a partially concurrent term of imprisonment. *See United States v. Covert*, 117 F.3d 940, 944-46 (6th Cir. 1997).

Lawson also argues that the district court abused its discretion by not determining the real or effective state sentence he faced based on *United States v. Yates,* 58 F.3d 542 (10th Cir. 1995). As a question of fact, the determination of the real or effective sentence is reviewed for clear error. *See id.* at 549. Unlike *Yates,* no objection was made to the court's reliance on the PSR and the 20-year sentence estimate given by the defendant's counsel. Based on Lawson's concession that his effective sentence would be 20 years, the district court did not commit clear error.

**AFFIRMED.**

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2001 FED App. 0332P (6th Cir.)
File Name:  01a0332p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* <br><br> *v.* <br><br> GARFIELD LAWSON, III, *Defendant-Appellant.* | No. 99-1963 |

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 97-81495—Robert H. Cleland, District Judge.

Argued:  May 1, 2001

Decided and Filed:  September 20, 2001

Before:  JONES, SILER, and GILMAN, Circuit Judges.

———————

**COUNSEL**

**ARGUED:**  Stevens J. Jacobs, Bay City, Michigan, for Appellant.  James A. Brunson, ASSISTANT UNITED STATES ATTORNEY, Bay City, Michigan, for Appellee. **ON BRIEF:**  Stevens J. Jacobs, Bay City, Michigan, for Appellant.  James A. Brunson, ASSISTANT UNITED STATES ATTORNEY, Bay City, Michigan, for Appellee.

---

**OPINION**

---

SILER, Circuit Judge.  Garfield Lawson, III appeals his 115-month sentence based on his guilty plea for being a felon-in-possession of a firearm, to be served partially concurrent to his state sentence for other charges arising from the same criminal incident.  Lawson argues that the district court erred by failing to grant him a three-level downward adjustment for acceptance of responsibility and by not sentencing him to a concurrent sentence under USSG § 5G1.3(b) or (c).  As the district court appropriately applied the 1998 Sentencing Guidelines to the undisputed facts, we **AFFIRM** Lawson's sentence.

## I.  BACKGROUND

In July 1997, Lawson was jailed and charged with domestic violence, assault and battery, and resisting a police officer in Saginaw County, Michigan.  On August 31, he was taken to a local hospital by a deputy sheriff.  After the completion of his exam, Lawson struck the deputy, took his gun, and pointed the gun at him before escaping.  On September 7, he was apprehended, returned to state custody, and charged with assault of a jail employee, unarmed robbery, disarming a peace officer, assault with intent to murder, receiving and concealing a firearm, and possession of a firearm while committing a felony.

Based on the hospital escape, a federal grand jury returned a one-count indictment of felon-in-possession of a firearm against Lawson under 18 U.S.C. §§ 922(g)(1) and 924(a)(1) on September 10, 1997.[1]  A superceding indictment with the same charge was issued on April 15, 1998.  Lawson was also charged with violating his supervised release.

---

[1] The original state felon-in-possession count against Lawson was dropped in light of the federal prosecution on this charge.

relevant conduct to the firearm offense was his prior conviction for a controlled substance offense, unlawful possession of a firearm, and assault on the deputy.  *See* USSG §§ 1B1.3(a), 2K2.1(a)(4)(A), 3A1.2(b).  In contrast to *Fuentes,* no relevant conduct was ignored by the PSR or the court in this case.  Unlike *Bell*, the only conduct related to the state offenses that adjusted his offense level calculation was his assault on the officer.[4]  As Lawson's undischarged term of imprisonment was not fully taken into account in the determination of his offense level in this case, the district court did not abuse its discretion in applying § 5G1.3(c) rather than (b).[5]

In the alternative, Lawson argues that § 5G1.3(c) applies to his sentencing, but the district court erred by not determining what his sentencing guideline calculation would have been if he had been convicted on all charges stemming from the same criminal conduct in one action in federal court.  For support he cites *United States v. Sorensen*, 58 F.3d 1154 (7th Cir. 1995), and *United States v. McFarland*, 37 F.3d 1235 (7th Cir. 1994).

According to the policy statement articulated in § 5G1.3(c), the district court must "achieve a reasonable punishment for the instant offense" by imposing a concurrent, partially concurrent, or consecutive sentence to a defendant's undischarged term of imprisonment.  In considering the prior undischarged sentence, the court should consider:  (a) its length and type (*e.g.*, parole eligible, no parole); (b) the time already served and likely to be served before release; (c) the

---

[4] Arguably if § 5G1.3(b) applied, *Bell* also recognizes the district court's right to depart from the guidelines to impose a partially concurrent sentence when the departure is reasonable and the reasons given reflect policies underlying the sentencing guidelines.  *See* 46 F.3d at 446.

[5] Further, while Lawson complains about the length of his federal sentence, the district court abided by the plea agreement's provision that Lawson's sentence conform with the high end of the applicable guideline range, 115 months.

Lawson's next two issues seek to secure a federal sentence concurrent with his state sentence under USSG § 5G1.3(b) or (c). First, § 5G1.3(b) provides for a concurrent sentence if a defendant's "undischarged term of imprisonment resulted from offense(s) that have been fully taken into account" in determining the offense level of the underlying charge. Because the district court adopted the PSR's victim-related adjustment, USSG § 3A1.2(b), and considered his actions during his escape in determining his acceptance of responsibility, Lawson argues that the district court sentenced him for the same criminal conduct that he was sentenced for in state court.[3] He contends that because his federal and state offenses arose from the same incident and his state offenses were "fully taken into account" by the district court, he should have a concurrent sentence.

He asserts that his case is like *United States v. Bell*, 46 F.3d 442 (5th Cir. 1995). In *Bell,* the defendant was convicted in state and federal court for separate offenses arising from the same criminal conduct. *See id.* at 443-44. The Fifth Circuit held that § 5G1.3(b) applies when the conduct underlying the state charges is relevant conduct in determining the sentencing range for the federal charge. *See id.* at 445-46. Lawson also cites *United States v. Fuentes*, 107 F.3d 1515, 1518 (11th Cir. 1997), where the defendant was prosecuted on state and federal charges for car theft and operating a chop shop. The PSR included vehicles involved in the federal charges but not those related to the state charges. *See id.* at 1519. The Eleventh Circuit held that § 5G1.3(b)'s "fully taken into account" requirement is satisfied when an undischarged sentence qualifies as relevant conduct under § 1B1.3, regardless of whether the PSR or the court took that conduct into account. *Id.* at 1522.

In regard to Lawson's case, *Bell* and *Fuentes* provide little support for his argument. For sentencing purposes, Lawson's

---

[3]In asking for a concurrent sentence at the hearing, counsel for Lawson stated that § 5G1.3 (c) properly applies to the defendant's sentencing determination.

Further proceedings on Lawson's case were delayed from November 1997 to December 1998 for two psychiatric exams to determine his competency to stand trial. When his competency was confirmed, he pled guilty to the firearm charge and the supervised release violation. Under the plea agreement, if he did not qualify as an Armed Career Criminal, his sentence for the firearm charge could not exceed the high end of the applicable guideline range and the sentence imposed for his supervised release violation could run consecutively to the other charge.

Lawson's original presentence report ("PSR") was completed on January 15, 1999.[2] For a charge under 18 U.S.C. § 922(g)(1), he received a base offense level of 20 under USSG § 2K2.1(a)(4)(A) because he had a prior felony drug conviction. Under USSG § 3A1.2(b), three levels were added for his assault on the deputy during his escape. By accepting responsibility, Lawson received a three-level reduction under USSG § 3E1.1(a) and (b). Based on a total offense level of 20 and a Criminal History Category VI, the recommended sentencing guideline range was 70 to 87 months.

The court rescheduled Lawson's initial sentencing hearing twice in March before it was held on April 16, 1999. In the meantime, on April 3, 1999, Lawson attempted to escape from the Saginaw County Jail. In addition, on June 7, he was convicted on all state charges, receiving a life sentence plus two years. As the government had filed objections to the PSR, the court ordered further briefing by both parties and adjourned the sentencing hearing to June 8, 1999. A revised PSR was issued on June 7. As a result of his second escape attempt, the second PSR denied him a three-level downward adjustment for acceptance of responsibility, increasing his total offense level to 23. In addition, it added his June 7 state convictions to his criminal history computation, which was

---

[2]Lawson's PSR was based on the 1998 edition of the United States Sentencing Guidelines ("USSG").

already a Category VI. Based on these changes, the suggested sentencing guideline range increased to 92 to 115 months.

The sentencing hearing was rescheduled twice more due to the unavailability of Lawson and the probation officer. On August 3, 1999, the court addressed both parties' objections and sentenced Lawson to 115 months on the firearm count and a consecutive 36 months for the supervised release violation. At the hearing, Lawson requested a concurrent sentence to his Michigan term and informed the court that he would be eligible for parole in 2019. Based on USSG § 5G1.3(c), the district court ordered that his federal sentence would commence on the earlier of August 3, 2018, or upon his release from state custody.

## II.  STANDARD OF REVIEW

A district court's factual finding that a defendant is not entitled to a downward adjustment for acceptance of responsibility is reviewed for clear error. *See United States v. Tilford*, 224 F.3d 865, 867 (6th Cir. 2000) (citing *United States v. Childers*, 86 F.3d 562, 562 (6th Cir. 1996)). As a question of law, the application of the Sentencing Guidelines to a set of facts is reviewed *de novo*. *See id.; United States v. Morrison*, 983 F.2d 730, 732 (6th Cir. 1993). In addition, decisions to impose a consecutive or concurrent sentence are reviewed for abuse of discretion. *See United States v. Devaney*, 992 F.2d 75, 77 (6th Cir. 1993).

## III.  DISCUSSION

Lawson argues that the district court should not have penalized him for his second escape attempt, and he should receive credit for acceptance of responsibility because he pled guilty to the firearm charge in 1998. Basically, he alleges that the government filed "frivolous" objections to the original PSR to delay his federal sentencing so the state court could impose a separate sentence, and that this delay resulted in the second escape attempt the district court relied upon to negate any downward adjustment. He acknowledges that no case law supports his position that a downward adjustment should

be automatically applied at subsequent sentencing hearings if it was applicable at the originally scheduled hearing.

"[M]erely pleading guilty does not entitle a defendant to an adjustment 'as a matter of right.'" *See Childers*, 86 F.3d at 563 (citing USSG § 3E1.1., cmt. n.3). Under the Sentencing Guidelines, a defendant who "clearly demonstrates acceptance of responsibility for his offense" qualifies for a two-point decrease in the applicable offense level and potentially another reduction for timely cooperation or entry of a guilty plea. *See* USSG § 3E1.1. A defendant must show acceptance of responsibility by a preponderance of the evidence; however, inconsistent conduct by a defendant may outweigh the evidence presented in support of acceptance of responsibility. *See id.* at cmt. n.3; *Morrison*, 983 F.2d at 733. In determining the appropriateness of an adjustment in this case, the district court correctly considered whether Lawson had voluntarily terminated or withdrawn from criminal conduct. *See* USSG § 3E1.1., cmt. n.1(b). Criminal conduct in this context means conduct that is related to the underlying offense, such as being of the same type or a motivating force behind the offense. *See Childers,* 86 F.3d at 563-64; *Morrison*, 983 F.2d at 735.

Lawson's firearm charge arose from his August 1997 escape from custody, and he attempted a similar escape in April 1999. The government's filing of objections and the resulting delay in his sentencing had nothing to do with his decision to attempt a second escape. Lawson's own voluntary actions demonstrated that he had not terminated his criminal conduct. Thus, the mere pleading of guilty between escape attempts did not warrant a downward adjustment for acceptance of responsibility. *See Childers,* 86 F.3d at 564; *see also Tilford,* 224 F.3d at 867-68 (requiring that there be conduct that the court can find is inconsistent with the defendant's acceptance of responsibility for a federal charge). As result, the district court did not clearly err in its rejection of Lawson's request for a three-level reduction in his offense level.