**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Aaron L. GARY, Defendant–Appellant.**

No. 02–5999.

United States Court of Appeals,
Sixth Circuit.

June 3, 2004.

Hugh B. Ward, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Knoxville, TN, for Plaintiff–Appellee.

Douglas M. Anderson, Anderson & Anderson, Knoxville, TN, for Defendant–Appellant.

Before GIBBONS and COOK, Circuit Judges; and OLIVER, District Judge.*

GIBBONS, Circuit Judge.

Defendant-appellant Aaron L. Gary pled guilty to one count of conspiring to distribute and possess with intent to distribute controlled substances in violation of 21

---

* The Honorable Solomon Oliver. Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

U.S.C. § 846 and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Gary to 113 months imprisonment on each count, to be served concurrently with each other but consecutively to a sentence being served by Gary in the State of Tennessee. Gary appeals this sentence. For the following reasons, we affirm.

## I.

On August 15, 2001, Gary was charged in a two-count information with the aforementioned offenses. He committed these offenses while on parole for a Tennessee conviction of attempted first degree murder. He pled guilty to both counts on December 12, 2001, in the United States District Court for the Eastern District of Tennessee. At the time, he was serving a Tennessee sentence for violating his parole.

The district court conducted a sentencing hearing on August 5, 2002. A Presentence Investigation Report indicated that Gary's sentencing guidelines range for his federal offenses was 188 to 235 months imprisonment. Because Gary substantially assisted the government with other criminal investigations, the court sentenced him only to 113 months imprisonment on each count, to run concurrently. However, the court ordered that these federal sentences run consecutive to the state sentence Gary was already serving for violating his parole. The court entered final judgment against Gary on August 13, 2002, and Gary filed a timely notice of appeal.

## II.

The decision to impose a consecutive sentence is reviewed for an abuse of discretion. *United States v. Lawson,* 266 F.3d 462, 466 (6th Cir.2001). A district court may order that a sentence run consecutively to an undischarged term of imprisonment. 18 U.S.C. § 3584(a). In deciding whether to impose such a sentence, the court must consider policy statements included in the sentencing guidelines. 18 U.S.C. § 3553(a)(5)(A). The guidelines applied by the district court provide that, if a defendant was on state parole at the time of the offense for which he is being sentenced and has had such parole revoked, "the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of ... parole." U.S.S.G. § 5G1.3 cmt. n. 6 (2001).

Gary argues that, although the district court had discretion to impose his federal sentence to run consecutively to his state sentence, it should not have done so because of the substantial assistance he provided to the government. Gary's argument is unavailing. Notwithstanding the assistance provided by Gary to the government, it was clearly within the court's discretion to order that his federal sentence run consecutive to his state sentence. Gary was on parole at the time he committed the federal crimes to which he pled guilty, and at the time of sentencing, he was serving a state sentence for violating that parole. The district court did not abuse its discretion in following § 5G1.3 and ordering Gary's federal sentences to run consecutive to his state sentence. Gary also argues that the court mistakenly believed that, rather than granting the court discretion to order that Gary's federal sentences run consecutive to his state sentence, § 5G1.3 mandated such a sentence. There is nothing in the record to support this assertion.

## III.

For the foregoing reasons, we affirm Gary's sentence.