NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0662n.06
Case No. 19-1968

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Nov 19, 2020

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| DOMINIQUE JAVON HARRIS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | O P I N I O N |

BEFORE:    COLE, Chief Judge; McKEAGUE and WHITE, Circuit Judges.

COLE, Chief Judge.  Dominique Javon Harris was sentenced to 72 months' imprisonment after pleading guilty to being a felon in possession of a firearm.  Harris now appeals the district court's sentencing decision on the grounds that (1) the application of U.S.S.G § 2K2.1(c)(1)(A)'s cross-reference was procedurally unreasonable, (2) the denial of a sentence reduction for acceptance of responsibility was improper, and (3) the length of his sentence was substantively unreasonable.  We affirm.

## I. BACKGROUND

### A. Factual Background

On September 29, 2018, a two-officer patrol car observed a silver Hyundai Tucson occupied by three passengers drive through a stop sign and turn into a driveway.  Harris sat in the front passenger seat.  As the vehicle turned, the officers observed a hand come out of the front

passenger side window, thrust quickly into the air, and discard what looked like multiple bags of narcotics.

Once the vehicle was parked in the driveway, the driver opened his door and began to exit. At the same time, an unidentified male exited the rear passenger side of the vehicle and fled on foot. One of the officers pursued the unidentified male but was unable to apprehend him; the other officer ordered the driver and Harris not to move. The driver and Harris were searched and transported to the Muskegon Police Department. That search revealed that Harris carried $1,235.00 in cash, mostly in $10.00 and $20.00 denominations, and a loaded .380 Ruger semiautomatic pistol in his pocket. Additional officers who arrived at the scene located a semiautomatic pistol with an extended magazine along the path on which the unidentified male had fled. The officers also recovered two large bags of crack cocaine, one smaller bag of crack cocaine, and one bag of heroin outside of the vehicle, which were later determined to be 47.04 grams of crack cocaine and 2.62 grams of heroin. Photographs of the scene showed the front passenger side window—where Harris had been sitting during the traffic stop—was completely open but the rear passenger side window was only partially open such that an arm could not have reached out and discarded the narcotics.

In a post-arrest interview, Harris admitted to possessing the loaded firearm but denied possessing narcotics. He declined to answer any other questions. Later in an interview with the probation officer, Harris said that the unregistered .380 Ruger firearm belonged to his girlfriend, that he had possessed the firearm for only 10 minutes, and that on September 29 he was on his way to return it when he was arrested. He again denied possessing or discarding the drugs. Finally, Harris stated he believed he could have avoided this offense had he left the firearm in the glovebox

instead of having it in his pocket or by running from the police and possibly getting away, and he viewed this offense as a learning experience and wake up call.

Harris was indicted in January 2019 for being a convicted felon in possession of a weapon in violation of 18 U.S.C. § 922(g), and a warrant was issued for his arrest. The indictment also included a forfeiture allegation in connection with the firearm. He was not charged with drug possession. On January 14, 2019, Harris was released from custody on bond with pretrial supervision, and on February 28, 2019, he pleaded guilty as charged without the benefit of a plea deal. The district court accepted Harris's guilty plea on March 21 and scheduled a sentencing hearing.

While Harris was out on bond and awaiting sentencing, state police arrested him for possessing distribution amounts of drugs on April 1, 2019. When the officers stopped the vehicle in which Harris was a passenger, he immediately jumped out and fled on foot. Harris was eventually apprehended after a brief pursuit, and the police found bags of cocaine, heroin, and unidentified pills along the path of the chase. He was charged with multiple drug offenses, as well as resisting arrest.

## B. Sentencing

The probation officer prepared a presentence investigation report ("PSR"), which was revised on July 24, 2019, and the district court adopted its factual findings. The probation officer recommended that the district court apply the cross-reference in U.S.S.G. § 2K2.1(c)(1)(A) because Harris possessed a firearm in connection with the commission or attempted commission of the felony offense of drug trafficking. The probation officer also refused to apply a sentence reduction for acceptance of responsibility because of Harris's related post-plea drug arrest. Based on an offense level of 26 called for by the cross-reference (instead of 18) and Harris's criminal

history, the probation officer calculated a sentencing guidelines range of 92 to 115 months' imprisonment.

Harris objected to the PSR on two grounds. First, Harris asserted that he was not responsible for the drugs recovered during his initial traffic stop, and therefore, the application of the cross-reference under § 2K1.1(c) was improper. Second, Harris argued that he should have received a sentence reduction based on acceptance of responsibility because he had pleaded guilty to being a felon in possession of a firearm and cooperated in a timely manner.

At sentencing, the district court overruled Harris's two objections. First, the district court overruled the objection to the application of the cross-reference in U.S.S.G. § 2K2.1(c)(1)(A). In support of its finding that Harris possessed a firearm in connection with the commission or attempted commission of drug trafficking, the district court noted that (1) Harris carried a loaded firearm in his pocket at the time of arrest, (2) the passenger seat window was the only window completely open such that drugs could have been thrown through it, (3) the quantity of the drugs retrieved during the traffic stop was "sell quantity," (4) he lacked a credible explanation for why he carried a weapon or why it was unregistered, (5) he possessed $1,235 at the time of arrest but lacked a job, and (6) he was later arrested for possessing distribution amounts of drugs in violation of the terms of his bond.

Second, the district court refused to apply a sentence reduction for acceptance of responsibility because, as the probation officer found, Harris continued to engage in similar illegal conduct while on bond, specifically, possessing distribution quantities of cocaine and heroin.

The district court varied downward from the recommended sentencing guidelines range of 92 to 115 months and concluded that a 72-month sentence "would be sufficient and not more than necessary and would satisfy the purposes of the sentencing guidelines." The district court

considered the factors under 18 U.S.C. § 3553(a) and noted that Harris's young age and a policy disagreement with the guidelines justified the downward variance.

Harris appealed the district court's sentencing decision to this court. We have jurisdiction under 28 U.S.C. § 1291.

## II. ANALYSIS

### A. The district court did not err in applying the cross-reference in U.S.S.G. § 2K2.1(c)(1)(A)

Harris contends the district court imposed a procedurally unreasonable sentence because it improperly applied the cross-reference in U.S.S.G § 2K2.1(c)(1)(A) for use or possession of a firearm in connection with the commission of another felony. Specifically, Harris challenges the district court's determination that the government proved by a preponderance of the evidence a nexus between his possession of a firearm and the felony of possession of distribution amounts of a controlled substance ("drug-trafficking") because he was not responsible for the drugs discovered during the traffic stop.

Sentences are reviewed for procedural reasonableness under an abuse-of-discretion standard. *United States v. Taylor*, 648 F.3d 417, 422 (6th Cir. 2011). The reviewing court must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range[.]" *Gall v. United States*, 552 U.S. 38, 51 (2007). In the specific context of the cross-reference in U.S.S.G. § 2K2.1(c), and its identical counterpart in § 2K2.1(b)(6), we review the district court's factual findings for clear error and accord due deference to the district court's determination that the firearm was used or possessed "in connection with" another felony, warranting the application of the cross-reference. *See Taylor*, 648 F.3d at 431–32 (describing deference accorded to district courts in applying § 2K2.1(b)(6)); *United States v. Scheiblich*, 788 F. App'x 305, 308 (6th Cir. 2019) (describing deference accorded

to the district courts in applying the § 2K2.1(c) cross-reference). A finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *United States v. Gort-Didonato*, 109 F.3d 318, 320 (6th Cir. 1997).

The cross-reference in § 2K2.1(c)(1) applies where the government shows by a preponderance of the evidence "the defendant used or possessed any firearm or ammunition . . . in connection with the commission or attempted commission of another offense[.]" U.S.S.G. § 2K2.1(c)(1). The notes to § 2K2.1 further provide that the cross-reference in "(c)(1) [applies] if the firearm or ammunition facilitated, or had the potential of facilitating . . . another offense." U.S.S.G. § 2K2.1, cmt. 14(A). "[I]n the case of a drug trafficking offense in which a firearm is found in close proximity to drugs," the sentencing guidelines note that application of (c)(1) is warranted "because the presence of the firearm has the potential of facilitating" another offense. *Id.* § 2K2.1, cmt. 14(B). At the same time, we have noted that "[p]ossession of firearms that is merely coincidental to the underlying felony offense is insufficient to support the application of § 2K2.1." *United States v. Angel*, 576 F.3d 318, 321 (6th Cir. 2009) (quoting *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001)).

Here, the government must show by a preponderance of the evidence that Harris "possessed" the specific firearm at issue—the .380 Ruger semiautomatic pistol—"in connection with the commission or attempted commission of another offense." U.S.S.G. § 2K2.1(c)(1). The government argues that the other offense here is drug trafficking. The district court found that sufficient evidence existed from which to infer that Harris had possessed distribution quantities of narcotics, which were thrown out of the window immediately prior to his arrest. Specifically, the district court indicated that Harris carried a loaded firearm in his pocket at the time of his arrest, the front passenger seat window where Harris was sitting was the only window completely open

such that drugs could have been thrown through it, the quantity of the drugs discovered during the traffic stop was "sell quantity," he lacked a credible explanation for why he carried a weapon or why it was unregistered, he possessed $1,235 at the time of arrest but lacked employment, and Harris was later arrested for possessing distribution amounts of drugs in violation of the terms of his bond.

Under these circumstances, the district court did not err—much less clearly err—when it found more likely than not that Harris's possession of a firearm had the "potential of facilitating" drug trafficking. Therefore, the district court's decision to apply the cross-reference in § 2K2.1(c)(1)(A) was not procedurally unreasonable.

## B. The district court did not err in denying a sentence reduction for acceptance of responsibility

Harris also contends the district court erred when it refused to apply a sentence reduction on the basis that he had accepted responsibility for his firearm conviction. "A district court's decision regarding acceptance of responsibility is generally a factual question that must be affirmed unless clearly erroneous." *United States v. Banks*, 252 F.3d 801, 805 (6th Cir. 2001). The sentencing judge's determination is "entitled to great deference on review" because the judge "is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. § 3E1.1, cmt. 5. Accordingly, "[e]ven when [the acceptance-of-responsibility section of the guidelines] is applied to uncontested facts, we review the lower court's decision with deference, not *de novo*." *United States v. Brown*, 367 F.3d 549, 556 (6th Cir. 2004) (citing *United States v. Webb*, 335 F.3d 534, 537-38 (6th Cir. 2003)).

Under the sentencing guidelines, a defendant who "clearly demonstrates acceptance of responsibility for his offense" qualifies for a two-point decrease in the applicable offense level and potentially another reduction for timely cooperation or entry of a guilty plea. U.S.S.G. § 3E1.1.

The defendant has the burden of demonstrating by a preponderance of the evidence that a reduction for acceptance of responsibility is warranted. *United States v. Morrison*, 983 F.2d 730, 733 (6th Cir. 1993). One relevant factor is whether the defendant "had voluntarily terminated or withdrawn from criminal conduct." *United States v. Lawson*, 266 F.3d 462, 466 (6th Cir. 2001); *see also* U.S.S.G. § 3E1.1, cmt. 1(B). Criminal conduct in this context "refer[s] to that conduct which is related to the underlying offense." *Morrison*, 983 F.2d at 735. The rationale behind requiring a nexus between the underlying offense and the other criminal conduct is that "an individual may be truly repentant for one crime yet commit other unrelated crimes." *Id.*

Here, the district court found Harris's post-plea but pre-sentencing drug-related arrest did in fact demonstrate a lack of remorse for his initial firearm conviction. The nexus between his post-plea conduct and his initial conviction was the district court's factual finding that Harris's firearm possession had "embolden[ed]" him to engage in drug trafficking. (*See* Sentencing Hr'g Tr., R. 58, PageID 204, 206 ("[T]he motivation for carrying the firearm would be drug trafficking. . . . [A]s recognized by courts, possession of firearms by drug dealers emboldens them to spread the drugs in their communities.").) The district court also noted that Harris had "violated his word to the court" by breaching the terms of his bond, under which he had agreed to not use or possess drugs. It is uncontested that Harris was arrested for drug-related conduct after his plea but before his sentence, which requires us to review the application of the reduction with deference. *See Brown*, 367 F.3d at 556; *Webb*, 335 F.3d at 537. Recognizing the "great deference" owed to district courts, the court did not clearly err when it found that Harris's post-plea conduct and attendant breach of the terms of his release on bond, which the court concluded all involved the same motivation, demonstrated a lack of remorse for his criminal conduct. *See United States v. Benjamin*, 138 F.3d 1069, 1075 (6th Cir. 1998) (denying acceptance of responsibility reduction

where defendant pleaded guilty to conspiracy to distribute cocaine but post-plea violated the terms of his pre-sentencing release by possessing a firearm while on bond, which "doesn't square with acceptance"); *Lawson*, 266 F.3d at 466 (defendant's initial "firearm charge arose from his August 1997 escape from custody" and "he attempted a similar escape in April 1999").

## C. The district court's sentence was not substantively unreasonable

Last, Harris challenges the substantive reasonableness of the sentence imposed by the district court, arguing that the district court "could have achieved the same goals" "with a far lesser sentence." A sentence is substantively unreasonable where the district court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (alterations in original) (quoting *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)). "As is the case with a procedural reasonableness challenge, substantive reasonableness is reviewed for abuse of discretion." *United States v. Jeter*, 721 F.3d 746, 757 (6th Cir. 2013) (citation omitted).

Here, Harris's sentence—72 months' imprisonment—falls below the recommended guidelines range of 92 to 115 months. As a result, it is accorded a presumption of reasonableness. *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) ("[S]imple logic compels the conclusion that, if a [longer] sentence . . . would have been presumptively reasonable in length, defendant's task of persuading us that the more lenient sentence . . . is unreasonably long is even more demanding."); *United States v. Harris*, 636 F. App'x 922, 929 (6th Cir. 2016) ("A below-Guidelines sentence is presumptively reasonable.").

Harris fails to rebut this presumption. He does not present any evidence that the district court imposed an arbitrary sentence, based the sentence on impermissible factors, failed to consider

pertinent § 3553(a) factors, or gave an unreasonable amount of weight to one factor. Further, the record demonstrates that the court considered the § 3553(a) factors in varying below the recommended sentencing guidelines range, including taking into account the nature of the offense and Harris's characteristics, such as his age, the need to deter future criminal conduct as Harris had been arrested twice for related conduct, and Harris's social support system and desire to rehabilitate himself through educational training. The district court concluded that "72 months would be sufficient and not more than necessary and would satisfy the purposes of the sentencing guidelines." That conclusion was not clearly erroneous.

## III. CONCLUSION

Therefore, we affirm the district court's judgment.