IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-10196
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LYNN BELL,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
_____

(February 17, 1995)

Before HIGGINBOTHAM, SMITH, and PARKER, Circuit Judges:

ROBERT M. PARKER, Circuit Judge:

The defendant, Robert Lynn Bell, pled guilty to one count of armed carjacking in violation of 18 U.S.C. § 2119. The district court accepted an agreed term of imprisonment of twenty years and imposed Bell's sentence to run consecutively to sentences imposed in state court for the same conduct. Bell raises two issues on this appeal: 1) whether 18 U.S.C. § 2119 is constitutional, and 2) whether the district court should have applied Section 5G1.3 of the Federal Sentencing Guidelines in determining whether to impose Bell's sentence concurrent with or consecutive to the sentences imposed in state court. Bell's first argument is unavailing, but Bell's second argument has some merit. Thus, we vacate the sentence imposed by the district court and remand for resentencing.

## I. FACTS

On January 20, 1993, at about 7:00 p.m., the defendant approached an automobile occupied by the victim, LH, in a Dallas, Texas parking lot, pointed a gun at her, and ordered her to let him into the vehicle. Bell then abducted the victim at gunpoint, drove the vehicle to a remote location, and raped her. Bell drove to another location, released LH, and stole the vehicle.

The defendant was arrested February 17, 1993 by the Dallas County Sheriff's Office. In relation to his conduct on January 20, Bell ultimately pled guilty to state charges of aggravated kidnapping, aggravated robbery with a deadly weapon, and aggravated sexual assault with a deadly weapon. Bell received concurrent sentences of fifty years for each of the state offenses.

A federal grand jury returned a three-count indictment against Bell relating to the same conduct. Pursuant to a written agreement, the defendant agreed to enter a conditional guilty plea to one count of armed carjacking.[1] As a part of the agreement, Bell, his attorney, and the Government agreed, under Federal Rule of Criminal Procedure 11 (e)(1)(c), that a twenty-year term of imprisonment would be an appropriate disposition of the case. The agreement provided that Bell would not be allowed to withdraw his plea if the court sentenced him to twenty years, but also indicated that the determination of the sentencing range was within the court's discretion. The plea agreement did not address whether the

---

1.  Bell preserved the right to challenge the constitutionality of the underlying statute.

recommended sentence was to be imposed to run concurrent with or consecutive to sentences imposed in state court for the same conduct.

The district court conditionally accepted the plea agreement and ordered the preparation of a presentence report (PSR). Considering the defendant's use of a firearm, and the physical injury and financial loss suffered by the victim, as well as Bell's extensive criminal history, the PSR yielded a sentencing range of 210 to 262 months imprisonment.[2] The PSR also noted that an upward departure might be warranted under section 5K2.3 of the sentencing guidelines because of the severe psychological injury suffered by the victim.[3]

In a sentencing memorandum, Bell informed the district court of the sentences imposed by the state court for the same conduct. Bell brought to the court's attention section 5G1.3 of the sentencing guidelines, and requested that his federal sentence be imposed to run concurrent with his state sentences under subsection

_____

2. The PSR applied the version of the Guidelines effective November 1, 1992. Bell was sentenced on February 24, 1994. Thus, the version of the Guidelines effective November 1, 1993 should have been applied. The error is insignificant, however, because there were no substantive amendments to the applicable provisions. All references in this opinion are to the 1993 version of the Guidelines.

3. The PSR indicated that, as a result of the offense, the victim had been unable to return to her former employment as a real estate agent due to extreme psychological difficulties she encounters when having to perform functions inherent in the job, such as driving in the car with strangers, entering empty houses, and working alone at night. According to the PSR, the victim requires regular psychological treatment and takes psychotropic medications on a daily basis.

(b) of that guideline. Bell argued that section 5G1.3 (b) should apply because the conduct underlying the state sentences had been fully taken into account in calculating his federal offense level. The Government opposed Bell's request.

At the sentencing hearing, Bell, through his attorney, renewed his request that the federal sentence run concurrent with his state sentences. Bell pointed out that the probation officer relied on the conduct underlying the state offenses to add fourteen levels to his base offense level. Bell also asserted that he would serve at least twelve and one-half years in prison on the state charges, and that unless the court ordered the sentence to run concurrently, he would serve a total of at least thirty-two and one-half years for the same offense.

Without addressing the applicability of section 5G1.3, the district court rejected Bell's request, stating:

> [I]f you had tried this case and Mr. Bell had been found guilty . . . I would be giving him the maximum punishment of 25 years. And I would have, without any hesitation, stacked the punishment. So by the fact that he's pled guilty and accepted his responsibility, that's the only reason I'm accepting the plea agreement where the government recommended the 20 years.
>
> Because if I didn't accept it and I put this case to trial, I would still stack these cases and have them running consecutive to the state cases and I would give him the maximum in this case. This is an extremely aggravated case.[4]

The court then imposed the recommended twenty-year sentence to run consecutively to Bell's state sentences. This appeal followed.

---

4. Record, Volume 5, at 5-6.

## II. DISCUSSION

Bell's first argument on appeal is that 18 U.S.C. § 2119 is unconstitutional because it lacks any rational nexus with interstate commerce, and thus is not a valid exercise of congressional authority under the Commerce Clause. A panel of this Court recently rejected this argument. In *United States v. Harris*, 25 F.3d 1275 (5th Cir.), *cert. denied*, 115 S. Ct. 458 (1994), we said that "[b]ecause of the obvious effect that carjackings have on interstate commerce, we hold that the carjacking statute is a valid exercise of Congress's Commerce Clause powers." *Id*. at 1280 (citing *United States v. Johnson*, 22 F.3d 106 (6th Cir. 1994)).

Bell's second argument is that section 5G1.3 (b) of the sentencing guidelines applied, and thus the district court was required to impose the federal sentence concurrent with his state sentences. The defendant is half right. We agree with Bell that section 5G1.3 (b) does apply. However, Bell's federal sentence cannot be imposed concurrently without remand for further consideration because the district court may, in its discretion, depart from this guideline requirement in appropriate circumstances.

Section 5G1.3 (b) provides that

[i]f . . . the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment."

U.S.S.G. § 5G1.3 (b).[5] Application note 2 under that section explains that

> [s]ubsection (b) . . . addresses cases in which the conduct resulting in the undischarged term of imprisonment has been fully taken into account under §1B1.3 (Relevant Conduct) in determining the offense level for the instant offense. This can occur, for example, where a defendant is prosecuted in both federal and state court, or in two or more federal jurisdictions, for the same criminal conduct or for different criminal transactions that were part of the same course of conduct.

U.S.S.G. § 5G1.3, app. note 2.

In this case, the defendant was prosecuted in both state and federal court for the same criminal conduct. Bell correctly points out that the PSR, adopted by the district court, took the conduct underlying the state offenses into account, under the Relevant Conduct guideline and the Specific Offense Characteristics under the Robbery guideline.[6] Since the state and federal charges arose from the same criminal conduct, all of the defendant's conduct underlying the state charges would have fallen within the

---

5. Subsection (b) of section 5G1.3 can apply only "[i]f subsection (a) does not apply." U.S.S.G. § 5G1.3 (b). Subsection (a) applies if the instant offense was committed while the defendant was serving a term of imprisonment, or was on work release, furlough, or escape status, or after sentencing but before commencement of the term of imprisonment. U.S.S.G. § 5G1.3 (a). The defendant and the Government agree that subsection (a) does not apply.

6. Specifically, the offense level calculation in the PSR included a six level enhancement pursuant to section 2B3.1 (b)(2)(B) for the use of a firearm, a four level enhancement pursuant to section 2B3.1 (b)(3)(B) for serious bodily injury, and a four level enhancement pursuant to section 2B3.1 (b)(4)(A) for the abduction of a person.

definition of "relevant conduct" under the guidelines.[7]

The Government argues that because there was no offense level enhancement for the psychological harm suffered by the victim in this case, we should hold that the "offenses" were not "fully taken into account in the determination of the offense level" as required by section 5G1.3 (b). Therefore, the Government contends, subsection (b) does not apply, and subsection (c) allowed the district court the discretion to impose the instant sentence consecutively. We disagree.[8]

---

7. In relevant part, section 1B1.3 (Relevant Conduct) provides:

> (a) . . . Unless otherwise specified, (i) the base offense level . . . , (ii) specific offense characteristics and (iii) cross references in Chapter Two, and (iv) adjustments in Chapter Three, shall be determined on the basis of . . .

> (1) (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . .

> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense; . . .

> (3) all harm that resulted from the acts and omissions specified in subsection[] (a)(1) . . . and harm that was the object of such acts and omissions; and

> (4) any other information specified in the applicable guideline.

8. We note that even if subsection (c) were the applicable guideline in this case, we would be required to vacate and remand for resentencing because the district court failed to use the methodology prescribed by subsection (c) or to explain why such a methodology would be impracticable in this case. *See United States v. Johnson*, 40 F.3d 1079, 1083 (10th Cir. 1994); *United States v. Redman*, 35 F.3d 437, 441-42 (9th Cir. 1994), *cert. denied*, 1994 WL 706574 (1995); *United States v. Whiting*, 28 F.3d

7

The dual prosecution of Bell in state and federal court for the same criminal conduct is precisely the type of case for which subsection (b) was designed. U.S.S.G. § 5G1.3, app. note 2. It would significantly undermine the intent of section 5G1.3 to allow the district court to avoid its mandatory guidance simply because there is not a specific offense level enhancement for some element of harm suffered by the victim. We are not unmindful of the terrible injuries suffered by the victim in this case. However, if subsection (b) is to apply in any case, it must be applied in this one.

The defendant contends that because section 5G1.3 (b) applies in this case, the district court was required to impose his federal sentence to run concurrent with his state sentences. This argument goes too far. Although the language of subsection (b) is mandatory, it is well established in this circuit that the district court retains the discretion to impose a sentence consecutively, even where this guideline applies, by means of a departure. *United States v. Gross*, 979 F.2d 1048, 1051-52 (5th Cir. 1992); *see also United States v. Martinez*, 950 F.2d 222, 226 (5th Cir. 1991), *cert. denied*, 112 S. Ct. 1984 (1992); *United States v. Miller*, 903 F.2d 341, 345-49 (5th Cir. 1990).

Therefore, the district court could have departed from the guidelines requirement that the sentence be imposed concurrently, and could have, in its discretion, imposed the sentence to run

---

1296, 1311 (1st Cir.), *cert. denied*, 115 S. Ct. 378 (1994); *United States v. Coleman*, 15 F.3d 610, 612 (6th Cir. 1994); *United States v. Gullickson*, 981 F.2d 344, 349 (8th Cir. 1992).

consecutively to all or part of the defendant's state sentences. However, "[w]hen the district court departs from the guideline range, the departure must be reasonable, and the court must offer reasons justifying the departure in terms of the policies underlying the sentencing guidelines." *United States v. Anderson*, 5 F.3d 795 (5th Cir.), *cert. denied*, 114 S. Ct. 1118 (1993). In this case, the district court failed to offer any indication that it was departing from the guidelines, much less reasons expressly justifying a departure. Since a departure is the only means by which the district court could have imposed the instant sentence consecutively, we must remand for an appropriate justification.

We note that one possible ground for departure is the apparent psychological injury suffered by the victim. This potential basis for departure, pursuant to guideline section 5K2.3 (policy statement), was identified in the PSR. A departure may be warranted under this section if a victim suffers psychological injury "much more serious than that normally resulting from commission of the offense." U.S.S.G. § 5K2.3, p.s. On remand, it will be up to the district court to determine whether the psychological injury suffered by the victim in this case meets the standard provided by section 5K2.3.

We also note, however, that such a departure may not be justified merely on the basis of conclusory statements found in the PSR. *United States v. Lara*, 975 F.2d 1120, 1127-28 (5th Cir. 1992). In *Anderson*, we found a departure under section 5K2.3 sufficiently substantiated by an unrebutted letter from the victim

9

describing the events in question and their effects on her life. At the same time, we indicated that testimony by an expert in psychology would certainly be helpful on this issue, although not necessarily a prerequisite. 5 F.3d at 805. We express no opinion on whether a section 5K2.3 departure might be warranted under the circumstances in this case and leave that issue for the district court's consideration on remand.

## III. CONCLUSION

The sentence imposed by the district court is VACATED, and this case is REMANDED for resentencing consistent with this opinion.