**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-11344

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABUNDIO RANGEL, JR.,

Defendant-Appellant.

Appeal from United States District Court
for the Northern District of Texas

January 27, 2003

Before GARWOOD, JONES, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Abundio Rangel, Jr. ("Rangel") appeals from the district court's imposition of sentence for being a convicted felon in possession of a firearm. Rangel contends that the district court erred by imposing his federal sentence to run consecutively with a prior state sentence. The Government filed a Motion to Dismiss the Appeal which is carried with the case. For the reasons stated below, we deny the Government's Motion to Dismiss the Appeal, reverse the sentence imposed by the district court, and remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

On September 25, 2000, Rangel sold approximately 18.5 grams of cocaine to a confidential informant working for the West Central Texas Inter-Local Crime Task Force in a vehicle in Abilene, Texas. Rangel was arrested after the sale. A Beretta nine millimeter pistol with a clip and four live rounds of ammunition were found in the vehicle where Rangel was seated. A search of Rangel's person revealed approximately 4.5 grams of crack cocaine and a set of scales. Rangel pleaded guilty to a state charge of delivery of cocaine in a drug-free zone and was sentenced to 12 years of imprisonment. The Beretta nine millimeter pistol found in the vehicle, which Rangel admitted that he possessed, formed the basis of the federal offense at issue in this appeal.

In federal court, Rangel was charged in a two-count indictment with: (1) being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and (2) possession of a firearm in furtherance of a drug trafficking crime. Pursuant to a plea agreement, Rangel pleaded guilty to count one of the indictment in exchange for dismissal of count two.

The Presentence Report ("PSR") assessed a base offense level of 14 pursuant to U.S.S.G. § 2K2.1(a)(6)(A). Pursuant to § 2K2.1(b)(5) (Specific Offense Characteristics), four levels were added because Rangel possessed a firearm in connection with another felony offense, i.e. his state conviction for delivery of cocaine in a drug free zone. Three levels were subtracted under § 3E1.1 for acceptance of responsibility, leaving a total offense level of 15. Rangel was assessed eight criminal history points. Two points were then added in accordance with § 4A1.1(d) because the instant offense was committed while Rangel was under a sentence of probation for a state conviction for possession of cocaine. The total criminal history score of 10 placed Rangel in criminal history category V. The guideline range of imprisonment was 37 to 46 months.

At the sentencing hearing on October 2, 2001, Rangel argued that his federal sentence should run concurrently with his undischarged state sentence - i.e. the 12-year term of imprisonment imposed for delivery of cocaine in a drug-free zone.[1] The district court rejected Rangel's argument and sentenced him to 46 months of imprisonment to be served consecutive to his undischarged 12-year state sentence, as well as another undischarged state sentence for an unrelated offense, followed by three years of supervised release.[2] Rangel appealed. On June 13, 2001, the Government filed a Motion to Dismiss the Appeal, arguing that Rangel had waived his right to appeal.

## DISCUSSION

Rangel argues that the district court failed to apply U.S.S.G. § 5G1.3(b) when it ordered his federal and state sentences, which arise from the same occurrence, to run concurrently. Under § 5G1.3:

(a)     If the instant offense was committed while the defendant was serving a term of imprisonment . . . or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b)     If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the

---

[1] It is unclear whether Rangel also argued that his federal sentence should run concurrent with another undischarged state sentence for the unrelated offense of possession of cocaine. Regardless, Rangel has limited his argument before this Court to the district court's failure to apply § 5G1.3(b) when it imposed Rangel's federal sentence to run consecutive to the 12-year state sentence imposed for delivery of cocaine in a drug-free zone.

[2] The district court imposed sentence consecutive to the state sentences imposed in "Case Number 556-D and 5208-D out of the 350th Judicial District Court of Abilene, Taylor County, Texas." Case number 5208-D refers to an 18-month unrelated sentence for possession of cocaine. Case number 556-D undoubtedly refers to case number 5566-D from which the 12-year sentence arose for delivery of cocaine in a drug-free zone.

3

instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

    (c)    (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Rangel argues that the district court was bound to impose his federal sentence to run concurrent with his state sentence, pursuant to U.S.S.G. § 5G1.3(b). Rangel contends that the state offense for delivery of cocaine in a drug-free zone, for which Rangel was given a 12-year sentence that was undischarged, was "fully taken into account" in determining his federal sentence because it was included in the computation of his offense level. Specifically, Rangel points to the four levels that were added to his base offense level pursuant to § 2K2.1(b)(5). Under § 2K2.1(b)(5), Rangel received four additional levels because the gun that was the basis of his federal offense (convicted felon in possession of a firearm) was possessed in connection with the offense prosecuted in state court (delivery of cocaine in a drug-free zone).

I.    <u>Motion to Dismiss</u>

As part of his plea agreement, Rangel waived his right to appeal except in the event of:

(a) any punishment imposed in excess of the statutory maximum; (b) any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court; (c) an improper computation of the applicable guidelines level; and, (d) any claim based on a Sixth Amendment right to counsel.

The Government contends that Rangel's appeal does not fall within any of the four categories reserved for appeal. Rangel argues that by failing to apply § 5G1.3(b) and imposing Rangel's federal sentence to run consecutive with his state sentence, the district court "imposed a punishment that

constituted an upward departure from the guideline range deemed most applicable by the Court."

Rangel cites to Bell v. United States, 46 F.3d 442 (5th Cir. 1995) to support his position.

In Bell, this Court characterized a district court's decision to impose a federal sentence consecutive to a state sentence arising from the same occurrence, despite the applicability of § 5G1.3(b), as a departure from the guidelines. Id. at 445. As the Court explained, "[a]lthough the language of subsection (b) is mandatory, it is well established in this circuit that the district court retains the discretion to impose a sentence consecutively, even where this guideline applies, by means of a departure." Id. at 446. In light of Bell, we agree with Rangel that his appeal falls within one of the exceptions to his waiver of appeal. Because Rangel reserved his right to appeal "any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court," we deny the Government's Motion to Dismiss the Appeal.

II. Standard of Review

The parties disagree regarding the appropriate standard of review applicable to this case.[3] The Government contends that the district court's decision to impose a consecutive rather than a concurrent sentence should be reviewed under an abuse of discretion standard. See United States v. Richardson, 87 F.3d 706, 709 (5th Cir. 1996) (holding that "[d]istrict court decisions as to the application of consecutive or concurrent sentences are reviewed for abuse of discretion" in a case involving application of § 5G1.3(c)). Rangel asserts that cases addressing § 5G1.3(c) are correctly

---

[3] At the sentencing hearing, Rangel argued that the district court should impose a concurrent sentence "because the offense for which he's been convicted of in state court is the -- essentially the same offense for which he is being -- has pled guilty to and being convicted of in this court today." This is sufficient to preserve the issue for review. See United States v. Reyes-Lugo, 238 F.3d 305, 308 (5th Cir. 2001)(finding that the issue was sufficiently preserved where the defendant argued that his federal sentence should be imposed to run concurrently to his undischarged state sentence, thereby alerting the court to the issue), cert. denied, 532 U.S.1073 (2001).

reviewed under an abuse of discretion standard because a determination of whether a sentence should run concurrent or consecutive under that subsection is within the discretion of the district court. See U.S.S.G. § 5G1.3(c) (allowing a district court to impose sentence to run concurrently, partially concurrently, or consecutively to a prior undischarged term of imprisonment where subsections (a) and (b) do not apply); see also United States v. Londono, 285 F.3d 348, 355 (5th Cir. 2002) (noting that § 5G1.3(c) is discretionary). Rangel argues that the proper standard of review regarding the application of § 5G1.3(b) is de novo. See United States v. Alexander, 100 F.3d 24, 25 (5th Cir. 1996) (stating that "[w]e review de novo the district court's application of § 5G1.3"); United States v. Santana-Castellano, 74 F.3d 593, 596 (5th Cir. 1996) (noting that "[a]pplications of the guidelines are reviewed de novo"). More recently, in United States v. Reyes-Lugo, this Court reviewed a defendant's claims that the district court erred when it failed to follow §§ 5G1.3(b) and (c). 238 F.3d 305, 307 (5th Cir. 2001), cert. denied, 532 U.S. 1073 (2001). The Court stated that it "reviews a district court's decision to impose a consecutive sentence rather than a concurrent sentence for an abuse of discretion," and further stated that it "reviews de novo the district court's application of the Sentencing Guidelines." Id. It is apparent from the Court's analysis of the application of subsection (b) in Reyes-Lugo that it undertook a de novo review of the applicability of that subsection. Thus, we will review Rangel's contention that the district court failed to follow § 5G1.3(b) de novo.

III.     Imposition of Consecutive Sentences

Section 5G1.3 "operates to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." Witte v. United States, 515 U.S. 389, 405 (1995). Section 5G1.3(b) is mandatory, thus it requires concurrent sentencing if "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the

6

determination of the offense level for the instant offense."  § 5G1.3(b); see also United States v. Izaguirre-Losoya, 219 F.3d 437, 440 (5th Cir. 2000); Bell, 46 F.3d at 446.

This case presents precisely the type of scenario for which subsection (b) was designed.  Four additional levels were added to Rangel's base offense level, pursuant to § 2K2.1(b)(5), because Rangel possessed a firearm in connection with the state delivery offense.  Thus, the state offense for delivery of cocaine in a drug-free zone was fully taken into account in determining Rangel's federal sentence.

The Government argues that the four-level increase assessed against Rangel for possessing the firearm in connection with the state offense of delivery of cocaine in a drug-free zone did not fully take into account "the additional offense of the crack cocaine possession" - referring to the 4.5 grams of crack cocaine found on Rangel's person when he was arrested.  The Government's argument is nonsensical.  The fact that the 4.5 grams of crack cocaine was not included as relevant conduct, as the Government contends, is immaterial to the issue at hand.  Under § 5G1.3(b), the court must look at the underlying offense resulting in the undischarged term of imprisonment and consider whether it has been "fully taken into account" in determining the offense level for the instant offense.  As the Government admits, "Rangel was not charged with the crack cocaine possession in either state or federal court."  Uncharged conduct associated with another offense is irrelevant under § 5G1.3(b).

We agree with Rangel that § 5G1.3(b) applies.  However, this does not end our inquiry.  "Although subsection (b) is mandatory, . . . the district court retains its discretion to impose a sentence consecutively, even where this guideline applies, by means of a departure."  Bell, 46 F.3d at 446.  When a district court departs from the guideline range, "the departure must be reasonable,

7

and the court must offer reasons justifying the departure in terms of the policies underlying the sentencing guidelines." United States v. Anderson, 5 F.3d 795, 803 (5th Cir. 1993).

In this case the district court did not indicate that it was departing from the guidelines when it imposed Rangel's federal sentence to run consecutive to his state sentence. During the imposition of the sentence, the district court stated the following:

> I will now state on the record the specific reasons for imposing the sentence I just imposed.
> As to the term of incarceration, I've imposed a term of 46 months. I believe this sentence does adequately address the sentencing objectives of punishment and deterrence, particularly in light of the defendant's continued criminal activity and narcotics distribution.
> No fine is assessed for the reason I do not believe the defendant has sufficient assets with which to pay a fine.
> Supervised release is imposed for the reason I believe the defendant will need this amount of supervision to see that he reassimilates himself back in society, that he obtains suitable employment, and that he maintains a law-abiding life-style.

In Bell, after finding that § 5G1.3(b) applied, the Court remanded the case to the district court for resentencing, reasoning that "[s]ince a departure is the only means by which the district court could have imposed the instant sentence consecutively we must remand for an appropriate justification." Bell, 46 F.3d at 446. The Court explained that "the district court failed to offer any indication that it was departing from the guidelines, much less reasons expressly justifying a departure." Id. This case poses a similar situation.

CONCLUSION

For the reasons stated above, the sentence imposed by the district court is REVERSED and this case is REMANDED to the district court for resentencing consistent with this opinion.

REVERSED and REMANDED.

8