United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 2, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————————

No. 04-41648

(Summary Calendar)

————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANCISCO R. DOMINGUEZ,

Defendant - Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
USDC No. 4:04-CR-71-9

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

    Francisco R. Dominguez appeals his sentence following his guilty-plea conviction for

conspiracy to manufacture, distribute, or possess with intent to manufacture, distribute, or dispense

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a controlled substance in violation of 21 U.S.C. §§ 841 and 846.

Dominguez contends that his sentence violates *United States v. Booker*, 125 S. Ct. 738 (2005) because the district court increased his offense level based on the purity of the controlled substance and the attribution of additional drug amounts to him. He argues that these facts were not found by a jury or admitted by him. Dominguez objected in the district court and cited to *Blakely v. Washington*, 542 U.S. 296 (2004).

Where, as here, a defendant has preserved a *Booker* challenge in the district court, we "will ordinarily vacate the sentence and remand," unless the error was harmless. *United States v. Pineiro*, 410 F.3d 282, 284 (5th Cir. 2005). The Government bears the burden of demonstrating that the error was harmless beyond a reasonable doubt by showing "that the district court would have imposed the same sentence absent the error." *Id.* Although the district court imposed alternative sentences based on possible Supreme Court changes to the Sentencing Guidelines, it is unclear whether the district court contemplated the actual result reached by the Supreme Court in *Booker*. Accordingly, the Government cannot show that the district court's error was harmless.

Dominguez also contends that the district court erred by not adjusting his sentence for the period of imprisonment served pursuant to a state conviction for the same conduct at issue in his federal prosecution. He argues that he must be given credit for this period pursuant to U.S.S.G. § 5G1.3(b), which "operates to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." *Witte v. United States*, 515 U.S. 389, 405 (1995). On appeal, the Government does not dispute that U.S.S.G. § 5G1.3(b) applies and acknowledges that the district court failed to formally adjust his sentence according to its terms. Instead, it argues that any error was harmless because the district court accounted for time served in its judgment.

Where U.S.S.G. § 5G1.3(b) applies, a district court "shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment . . . ." U.S. SENTENCING GUIDELINES MANUAL § 5G1.3(b) (2004); *see United States v. Rangel*, 319 F.3d 710, 714 (5th Cir. 2003) (describing the provision as "mandatory"). The district court's judgment merely recommends that Dominguez receive credit for time served on his state conviction without considering what, if any, credit the Bureau of Prisons is permitted to award. Because the authority of the Bureau of Prisons to award sentence credit is not identical to the authority of the district court to make sentencing adjustments, the Government's general assertion that "the record does not indicate that the Bureau of Prisons would not follow the court's order" is insufficient to establish harmless error. *See United States v. Dorsey*, 166 F.3d 558, 559 (3d Cir. 1999) (vacating and remanding where the district court left the entire credit determination to the Bureau of Prisons).

Dominguez's sentence is VACATED, and this matter is REMANDED for resentencing not inconsistent with this opinion.

SENTENCE VACATED; REMANDED FOR RESENTENCING.