# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

―――――――

No. 13-30502
Summary Calendar

―――――――

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THOMAS R. DOOLEY, JR.,

Defendant-Appellant

―――――――

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CR-172-1

―――――――

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Thomas R. Dooley, Jr., pleaded guilty to being a felon in possession of a firearm. He challenges his sentence of 120 months of imprisonment, imposed to run consecutively to his undischarged state sentence for attempted first degree murder, which arose out of the same incident. Dooley contends the district court should have applied U.S.S.G. § 5G1.3(b), as he requested at sentencing, and run his federal sentence concurrently with his state sentence.

―――――――

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30502

He argues that his non-guidelines sentence violates the purpose of § 5G1.3(b) by punishing the same criminal conduct twice simply because the district court found his state sentence too lenient.

Dooley does not contend application of § 5G1.3(b) is mandatory, and we have not held it to be so. *United States v. Bell*, 46 F.3d 442, 446 (5th Cir. 1995); *see United States v. Candia*, 454 F.3d 468, 474-75 (5th Cir. 2006) (considering U.S.S.G. § 5G1.3(c)). We review the substantive reasonableness of a sentence, whether inside or outside of the Guidelines range and including its nature as consecutive, for an abuse of discretion. *United States v. Williams*, 517 F.3d 801, 807-08 (5th Cir. 2008); *see Gall v. United* States, 552 U.S. 38, 51-52 (2007). The reasonableness inquiry is guided by the factors in 18 U.S.C. § 3553(a); the sentence is not required to fall within the guidelines range. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). "[W]hen the judge elects to give a non-Guideline sentence, she should carefully articulate the reasons she concludes that the sentence she has selected is appropriate." *Id.*

In this matter, the district court considered the arguments of the parties and § 5G1.3(b), and noted that it was imposing a non-guidelines sentence. It stated reasons for the sentence, including Dooley's extensive criminal history, the potential violence involved in the incident itself, and the need to protect the public. Dooley has not shown an abuse of discretion. The judgment of the district court is AFFIRMED.