# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10288
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL JASON DEARS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-30-16

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Michael Jason Dears pleaded guilty to one charge of conspiring to possess a controlled substance with intent to distribute and was sentenced to serve 168 months in prison and a three-year term of supervised release. Now, he argues that the district court committed clear error at sentencing by erroneously calculating the amount of heroin for which he should be held responsible under U.S.S.G. § 1B1.3. Under Dears's view, heroin attributable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to his state conviction should not have been used to calculate the instant sentence.  Dears has not shown error in connection with his sentence.

We review this claim for clear error.  *See United States v. Betancourt*, 422 F.3d 240, 244-45 (5th Cir. 2005).  As long as a factual finding is plausible in light of the record as a whole, it is not clearly erroneous and should be upheld.  *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013).

"A presentence report generally bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations."  *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010) (internal quotation marks and citation omitted).  The defendant bears the burden of presenting evidence to show that the facts contained in the presentence report are inaccurate or materially untrue.  *Alaniz*, 726 F.3d at 619.  Because Dears adduced no evidence to rebut the factual findings in the PSR, the district court was free to adopt those findings, including the finding that he was responsible for more than eight kilograms of heroin.  *See Alaniz*, 726 F.3d at 619.

Insofar as Dears contends that amounts of heroin involved with his state offense could not be used to calculate his federal sentence under U.S.S.G. § 1B1.3, comment.(n.8), he misreads that note.  Because this case does not involve grouping of offenses under U.S.S.G. § 3D1.2(d), § 1B1.3 is inapplicable.  *Cf. United States v. Bell*, 46 F.3d 442, 445 (5th Cir. 1995) ("Since the state and federal charges arose from the same criminal conduct, all of the defendant's conduct underlying the state charges would have fallen within the definition of 'relevant conduct' under the guidelines."); *United States v. Rosogie*, 21 F.3d 632, 634 (5th Cir. 1994) (noting that the Constitution does not prohibit dual sovereigns from separately punishing an individual for the same conduct that violates both state and federal laws).

No. 14-10288

Finally, to the extent Dears complains that he was sentenced based on acts he took before the explicit date mentioned in the indictment, this argument offers him no succor. Although these quantities are arguably outside the time frame of the conspiracy alleged in the indictment, they are attributable to Dears as relevant conduct because they are part of the same scheme as the offense of conviction. *See United States v. McCaskey*, 9 F.3d 368, 375 (5th Cir. 1993).

AFFIRMED.