# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60644
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER GREEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:15-CR-3

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Christopher Green pleaded guilty to possession of a firearm by a fugitive in violation of 18 U.S.C. § 922(g)(2) and was sentenced to 60 months of imprisonment, to run consecutively to his term of imprisonment on a state conviction, and two years of supervised release. He challenges his sentence of 60 months of imprisonment, imposed to run consecutively to his undischarged state sentence for aggravated assault. Green contends the district court should

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have applied U.S.S.G. § 5G1.3(b), as he requested at sentencing, and run his federal sentence concurrently with his state sentence. He argues that the district court committed procedural error by failing to consider the appropriate guidelines range and whether § 5G1.3(b)(2) applied.

Although Green objected to the district court's failure to apply § 5G1.3(b)(2) to make his sentence concurrent, he did not specifically argue in the district court, as he does now, that the district court failed to consider whether that Guideline applied in order to determine the guideline sentence. Thus, we review his claim of procedural unreasonableness for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

A district court retains the discretion to impose a consecutive sentence as a departure or variance even when § 5G1.3(b) applies. *United States v. Bell*, 46 F.3d 442, 446 (5th Cir. 1995); *United States v. Rangel*, 319 F.3d 710, 713 (5th Cir. 2003). Contrary to Green's assertion, there is no indication that the district court failed to consider his argument for a concurrent sentence. Green's attorney argued that § 5G1.3(b) applied, and the district court expressed its opinion that the Guideline did not constrain the court's ability to vary from the Guidelines. The district court rejected Green's request to impose a concurrent sentence and imposed a 60-month consecutive sentence as a variance. Green has not shown that the district court plainly erred by failing to consider § 5G1.3(b) or the appropriate guidelines range.

Green argues that the district court's sentence was greater than necessary to satisfy the purposes of 18 U.S.C. § 3553(a). He contends that the sentence was substantively unreasonable based on the variance upward to 60 months and because it was imposed to run consecutively.

We review the substantive reasonableness of a sentence, whether inside or outside of the guidelines range and including its nature as consecutive, for

an abuse of discretion. *United States v. Williams*, 517 F.3d 801, 807-08 (5th Cir. 2008); *Gall v. United States*, 552 U.S. 38, 51-52 (2007); *United States v. Candia*, 454 F.3d 468, 474-75 (5th Cir. 2006). The reasonableness inquiry is guided by the factors in § 3553(a). *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). If the district court elects to impose a non-guideline sentence, it should carefully articulate the reasons for concluding that the sentence selected is appropriate. *Id.*

The district court clearly stated its intention to impose a sentence above the advisory guideline range based on the factors listed in § 3553(a). The district court noted Green's persistent pattern of firearm-related violent crimes and the fact that he had no verifiable history of gainful employment and concluded that a sentence greater than the guidelines range was appropriate to protect the public and to deter Green from future crimes. Green's argument is essentially a disagreement with the district court's assessment of what constitutes a reasonable sentence and amounts to a request for this court to re-weigh the § 3553(a) factors. That this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Green has failed to show that his sentence is unreasonable in light of the court's consideration of the sentencing factors and its detailed explanation of reasons for imposing the 60-month sentence to run consecutively to his state sentence. The judgment of the district court is AFFIRMED.