# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10212
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 27, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL CHEEK BRABSON, also known as Madman,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-160-1

Before STEWART, Chief Judge, and OWEN and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Michael Cheek Brabson pleaded guilty to conspiracy to possess with intent to distribute a controlled substance and was sentenced to 240 months of imprisonment, to run consecutively to his undischarged term of imprisonment for being a felon in possession of a firearm. Brabson contends that the district court abused its discretion in denying defense counsel's motion to withdraw. Brabson also contends that the district court procedurally erred in not applying

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10212

U.S.S.G § 5G1.3(b) and running the sentence for the instant offense concurrently with his sentence for being a felon in possession of a firearm.

Brabson's only notice of appeal referenced the district court's judgment entered on February 16, 2018, which pertained to Brabson's conviction and sentence. Indeed, Brabson could not have intended to appeal the district court's February 22, 2018, order denying defense counsel's motion to withdraw because the order had not yet been issued at the time Brabson filed his notice of appeal. Thus, as the Government correctly argues, we lack jurisdiction to review the district court's denial of defense counsel's motion to withdraw because Brabson failed to file a notice of appeal. *See* FED. R. APP. P. 3(c)(1)(B); *Gonzalez v. Thaler*, 565 U.S. 134, 147 (2012).

To the extent that the district court found § 5G1.3(b) applicable but chose to exercise its discretion and impose a consecutive sentence in light of the 18 U.S.C. § 3553(a) factors, Brabson has not shown any procedural error because a district court retains the discretion to impose a consecutive sentence as a variance even when § 5G1.3(b) applies. *See United States v. Rangel*, 319 F.3d 710, 713 (5th Cir. 2003); *United States v. Bell*, 46 F.3d 442, 446-47 (5th Cir. 1995). Moreover, to the extent that the court's discussion could be read to conclude that § 5G1.3(b) did not apply, any error would be harmless given that the record establishes that the court would have imposed the same consecutive sentence regardless of the effect of that Guideline. *See United States v. Richardson*, 676 F.3d 491, 511-12 (5th Cir. 2012). The court explained that applying the Guideline would result in a much shorter sentence that would not appropriately address the § 3553(a) factors. The court further unequivocally explained that, if § 5G1.3(b) applied, the court would vary upward to the same sentence, and it provided ample reasons under § 3553(a)

No. 18-10212

for doing so, including Brabson's long criminal history, the need to promote respect for the law, and to provide just punishment for the offense of conviction.

AFFIRMED IN PART; DISMISSED IN PART FOR LACK OF JURISDICTION.