# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11520

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEE MONTEZ THOMPSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-115-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Lee Montez Thompson was convicted of one charge of possession of a firearm by a felon and was sentenced to serve 120 months in prison and a three-year term of supervised release. He argues that the district court plainly erred by not explicitly addressing whether he should be credited with time served in state custody under U.S.S.G. § 5G1.3(b)(1) and by concluding that he had attempted to obstruct justice and imposing a corresponding adjustment under U.S.S.G. § 3C1.1.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11520

To establish plain error, a defendant must show an error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the defendant makes this showing, this court has the discretion to correct the error, provided that it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Establishing plain error "is difficult, 'as it should be.'" *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004)). Thompson has not met this standard.

The presentence report (PSR) explicitly acknowledged § 5G1.3(b)(1). In turn, the PSR was incorporated by reference at the sentencing hearing. At sentencing, the district court also recognized that there was a related state sentence by ordering Thompson's federal and state sentences to run concurrently. The district court went on to justify its departure from the United States Sentencing Commission Guidelines by noting Thompson's "bad criminal history" and by relying on the 18 U.S.C. § 3553(a) factors.

The district court did not plainly err in its sentence under § 5G1.3(b)(1) because it is not clear under current law that a district court must orally address § 5G1.3(b)(1) at sentencing even though this provision is explicit in the PSR. *See United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010); *United States v. Green*, 647 F. App'x 507, 507–08 (5th Cir. 2016) (unpublished); *United States v. Estrada*, 312 F. App'x 664, 667 (5th Cir. 2009) (unpublished); *United States v. Figueroa*, 215 F. App'x 343, 344 (5th Cir. 2007) (unpublished). As noted, the district court explicitly recognized the existence of a related state sentence and justified its departure from the Guidelines pursuant to § 3553(a). There is nothing in the record to indicate that the district court misapprehended § 5G1.3(b)(1). For these reasons, Thompson has not shown plain error in connection with this claim.

No. 18-11520

Thompson's § 3C1.1 claim likewise fails.   Thompson argues that the district court plainly erred when it applied the obstruction-of-justice enhancement to his sentencing calculations. His argument hinges on a factual issue as to which we see no clear error.

AFFIRMED; MOTION DENIED.[1]

---

[1] Thompson's motion to supplement the record with his state convictions or, alternately, for judicial notice, is denied as moot.