# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2020

Lyle W. Cayce
Clerk

No. 20-10245
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Revion Daymon Long,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-328-1

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Appellant Revion Daymon Long pleaded guilty to being a felon in possession of a firearm. He was sentenced to an above-Guidelines term of 120 months imprisonment. On appeal, he argues that the sentence is substantively unreasonable because it did not adequately consider Long's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10245

difficult upbringing. Additionally, he argues that the district court erred by ordering that the sentence to the instant offense run consecutively to any sentence imposed for a pending state failure to identify charge, as the state charge should have been considered relevant conduct to the federal charge.

We review the substantive reasonableness of a sentence under the abuse-of-discretion standard, whether the sentence is inside or outside of the guidelines range. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). A sentence above the Guidelines range is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

When imposing an above-guidelines sentence, the district court "must more thoroughly articulate its reasons" than for a within Guidelines sentence, though it "need not engage in robotic incantations that each [18 U.S.C. § 3553(a)] factor has been considered." *Smith*, 440 F.3d at 708 (internal quotation marks and citation omitted). This court "owes deference to the district court's determination of the appropriate sentence based on the § 3553(a) factors and may not reverse the district court's ruling just because it would have determined that an alternative sentence was appropriate." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

Long fails to make the requisite showing that the sentence is substantially unreasonable. The district court heard the parties' arguments and agreed with the Government that a sentence of 120 months was appropriate for the purpose of deterrence, a proper consideration (*see* 18 U.S.C. § 3553(a)), as Long "has been a prolific thief over this approximately 12 year period and the previous punishments have not deterred him."

Investigation into the instant case revealed that Long had illegally possessed or dealt 67 firearms.

The district court's decision to impose a consecutive, rather than concurrent, sentence pursuant to U.S.S.G. § 5G1.3 is reviewed de novo. *United States v. Rangel*, 319 F.3d 710, 714 (5th Cir. 2003). However, it is not clear that Long preserved the error for appeal, potentially subjecting it to plain error review. *United States v. Torrez*, 40 F.3d 84, 86 (5th Cir. 1994); *see United States v. Krout*, 66 F.3d 1420, 1433-34 (5th Cir. 1995) (applying plain-error review to consecutive sentencing issue when defendant's objection cited no legal basis). This court does not reach the issue, as Long's claim fails under either standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

General relevant conduct principles determine whether convictions are relevant to one another for purposes of concurrent and consecutive sentences. §5G1.3(c). The district court could have inferred from the presentence report that Long did not possess a firearm when he was arrested and committed the state-law offense of failing to identify himself. *See United States v. Caldwell*, 448 F.3d 287. 290 (5th Cir. 2006). The district court's finding that Long's state offense was not relevant conduct to his federal offense was not clearly erroneous. *See United States v. Brummett*, 355 F.3d 343, 344 (5th Cir. 2003). Assuming, arguendo, that the failure to identify charge was relevant to the felon in possession of a firearm charge, any error is harmless. *See United States v. Halverson*, 897 F.3d 645, 651 (5th Cir. 2018). After explaining that the sentence was needed for deterrence, the district judge explicitly stated that "even if I'm wrong as to any of my rulings on any of the objections or running any of the sentences consecutive or concurrent, I believe this sentence is needed for these reasons." The district judge's statement convincingly shows that he had a specific sentence in mind and

would have imposed it notwithstanding the error. *See Halverson*, 897 F.3d at 651.

Accordingly, the judgment of the district court is AFFIRMED.